870 F.2d 655
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carol KULIKOWSKI, Plaintiff-Appellant,
v.
EASTERN AIR LINES, INC., Defendant-Appellee.
 No. 88-3876.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1989.
Decided March 6, 1989.
 
 Melvin J. Radin for appellant.
 Jeremiah A. Denton, III (R. Craig Gallagher on brief) for appellee.
 Before ERVIN, Chief Judge, and WIDENER and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff tripped in the aisle of an Eastern Airlines plane and ended up suing for $2,500,000. The trial judge directed a verdict as to liability and the jury awarded damages of $13,000. Having failed in motions for judgment notwithstanding the verdict and new trial, the plaintiff appeals, seeking more. Her basis is the exclusion at trial of some medical bills. The district judge thought them attributable at least in part to independent causes (a breast operation and other surgery) of about the same time. The separation of damages attributable to the Eastern Airlines incident from those due to causes for which the airline was not responsible was not clear and the district judge did not abuse his discretion in excluding such not sufficiently differentiated evidence. See Fed.R.Evid. 403; Garraghty v. Jordan, 830 F.2d 1295, 1298 (4th Cir.1987).
 
 
 2
 Gross inadequacy is claimed by the plaintiff. However,
 
 
 3
 [w]e operate in a narrower area of discretion than district courts in the supervision of jury verdicts. It is not enough if our appraisal of a jury's calculation of damages does not run parallel to the trial judge' appraisal. In reviewing the justice of a verdict the broader scope of discretion is in the trial judge, and the Supreme Court has made it plain that the appellate court must stand aside.
 
 
 4
 Simmons v. Avisco, Local 713, Textile Workers' Union of America, 350 F.2d 1012, 1020 (4th Cir.1965). Of the $27,197.53 claimed for special damages, at least $20,776.52 was contested. The judgment may be disappointing for plaintiff; there is no indication it is grossly inadequate. The trial judge's discretion is owed due deference, and we affirm.
 
 
 5
 AFFIRMED.